IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 APR -3 AM 9:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

SUBURBAN EQUIPMENT COMPANY,   )
    PLAINTIFF,   )
VS.   )   CV-02-H-1048-S
BARBEE PETROLEUM EQUIPMENT
COMPANY, INCORPORATED; and
CURTIS BARBEE,   )
    DEFENDANTS.   )

ENTERED
APR - 3 2003

**MEMORANDUM OF DECISION**

The court has before it the January 23, 2003 motion of plaintiff Suburban Equipment Company ("Suburban") for summary judgment. Pursuant to the court's January 24, 2003 order, the motion was deemed submitted, without oral argument, on February 21, 2003.

**I. Procedural History**

Plaintiff Suburban commenced this action on April 26, 2002 by filing a complaint in this court alleging defendants Barbee Petroleum Company and Curtis Barbee breached an agreement entered into between the parties for the credit purchase of certain equipment. (See Compl. ¶ 9.) Specifically, plaintiff alleges the defendants have failed to make any payments on the equipment. (Id.) Upon completion of discovery, plaintiff filed a motion for

summary judgment and evidence.[1] Defendants Barbee Petroleum and Curtis Barbee did not file any opposition to this motion.

### II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that

---

[1] Although the plaintiff filed numerous invoices and affidavits as evidence, he only referenced a few by designation, such as "Exhibit B" while referring to others as simply "Affidavit of Ralph Rooney." The court will use the same designations as used by plaintiff in his brief. The plaintiff attached as evidence an affidavit of Ralph Rooney, affidavit of Jon. B Terry, references for a credit application, referenced as Exhibit A, an application for credit, referenced as Exhibit B, and invoices for sale, referenced as Exhibits C-Q.

2

there is a genuine issue for trial. <u>Id.</u> at 324.

The substantive law will identify which facts are material and which are irrelevant. <u>Chapman</u>, 229 F.3d at 1023; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. <u>Chapman</u>, 229 F.3d at 1023; <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248; <u>Chapman</u>, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Anderson</u>, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. <u>See</u> <u>Fitzpatrick</u>, 2 F.3d at 1115-17 (citing <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428 (11th Cir. 1991)(<u>en banc</u>)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. <u>Fitzpatrick</u>, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant,

3

probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a

directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

On or about April 4, 1999, Curtis Barbee, individually and on behalf of Barbee Petroleum Company, submitted a credit application to Suburban requesting Suburban ship equipment to them on credit. (See Application, dated 4/4/99, Pl.'s Ex. B.) Barbee Petroleum agreed to make payments for each shipment "on the 10th of the month following the date of the statement on which the items are first billed (the "due date") and [was] considered past due and in default thereafter." (See id.) Barbee Petroleum further agreed that finance charges would be computed on the account balances remaining after the closing date each month and would continue to accrue until all balances were paid in full. (See id.) Curtis Barbee personally guaranteed payment of all credit and finance charges for the equipment. (See id.)

Suburban shipped various quantities of tanks and other petroleum equipment to Barbee Petroleum from January 2000 through August 2000, all of which Barbee received. (See Invoices, Pl.'s Exs. C-Q; see also Def.'s Admissions, 7-28.) The purchases totaled $185,039.14 and finance charges, as of January 15, summed

$66,994.15. (See Affidavit of Ralph Rooney.) Curtis Barbee and Barbee Petroleum have never made a payment to satisfy their account and agreed to pay reasonable attorney's fees to Suburban for their efforts in collecting on this account. (See Def.'s Admissions, 28, 30.)

### IV. Applicable Substantive Law and Analysis

There are no genuine issues of material fact in this case. The affidavits, requests for admission and answers thereto could not lead a rational trier of fact to find for the defendants, the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Barbee Petroleum and Curtis Barbee have admitted that they entered into an agreement with Suburban and pursuant to that agreement received shipments of equipment from Suburban, but made no payments under their contractual obligations. (See Def. Admissions, 23-28.) Where goods and materials are delivered and their acceptance has not been rejected, the recipient is obligated to pay the contract rate for the goods accepted. See Ala. Code § 7-2-607(1) (1975); see also Ralston Purina Co. v. Hobson, 554 F.2d 725 (5th Cir. 1977). Moreover, defendants admit they are liable for interest charges as stipulated by the agreement, the cost of reasonable attorney's fees in collection of the account, and Curtis Barbee, as personal guarantor, is liable for the entire amount due on the account. (See Def. Admissions, 28, 30.) See Williams v. Bank of

Oxford, 523 So.2d 367 (Ala.1988)(holding a guarantor is liable for the debts of the principal when in default). Plaintiff has submitted an affidavit to support a reasonable attorney's fee of 20% of the fixed total due from defendant. (See Affidavit of Jon B. Terry.) The court finds this fee reasonable.

The court finds no material issues of fact remain and that plaintiff is entitled to a judgement as a matter of law. By separate order, the court will enter judgement for the plaintiff and against defendants, jointly and severally, in the total amount of $302,439.95, which includes $50,406.65 as reasonable attorney's fees. A final judgement will be entered.

DONE this 3rd day of April, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE